IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DESMOND NOBLE, # M-36909,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-888-GPM |
| | ) |
| **RANDY DAVIS,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), where he is serving a three-year sentence for aggravated unlawful use of a weapon (*See* Doc. 8). He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking damages for violations of his rights which he claims have occurred during his confinement at Vienna Correctional Center. He also invokes the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1, p. 1).

Plaintiff states that he was sent to Vienna on May 26, 2013, and was housed in Building 19 (Doc. 1, p. 5). He was initially placed on the second floor. He states that he was moved to the third floor on August 20, 2013, after he got out of segregation, where he had spent 30 days. He also states that he is currently back in segregation, implying that he is no longer housed in Building 19.

The remainder of the first paragraph of Plaintiff's statement of claim consists of nothing but legalese and nonsensical statements, such as "Versity [sic], perpesity[sic], Mental Anguish, Torque Claim, Criminal Malfeasance with harmful intent." *Id*. This gibberish is identical to

statements found in a number of other Vienna prisoner complaints filed recently in this Court, and does nothing to advance his claims.

However, Plaintiff then goes on to list eight claims which include some specific factual allegations regarding the conditions under which he was housed at Vienna. In paragraphs 2, 6, and 7, Plaintiff states that the building where he was housed contained asbestos insulation, cracked pipes, and fibers floating in the air; the building lacked ventilation, the roof leaked, there were too few toilets for the number of inmates, urinals overflowed onto the floor, there was mold in the shower, mold on bread, and rodent droppings in the kitchen and living quarters (Doc. 1, p. 5). He also claims that a bird flew into the chow hall, hit the ceiling fan and died while inmates were eating. *Id*. It is not clear from the complaint whether this was a repeated or a one-time occurrence. These portions of Plaintiff's claim shall be designated as **Count 1**.

Plaintiff also complains that fire alarms went off on a random basis while living units were locked and staff did not check for danger; inmates were housed with rival gang members and with mental health patients; guards slept on the night shift and fail to make rounds; inmates were denied grievance forms, and legal mail was improperly opened by staff outside the presence of the inmate (Doc. 1, p. 5, paragraphs 1, 3, 4, 5, and 8). These claims shall be designated as **Counts 2-5**, as discussed below.

Plaintiff asserts that he has filed multiple grievances complaining about the conditions in Building 19, but has received no response (Doc. 1, p. 4).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that the combination of conditions designated as **Count 1** herein states a colorable Eighth Amendment claim against Defendant Davis for housing Plaintiff in unsanitary conditions which placed his health at risk. It appears that Plaintiff was confined in Building 19 for approximately two months.

However, Plaintiff's remaining allegations fail to state a claim upon which relief may be granted. Those claims **(Counts 2-5)**, as well as the FTCA claim **(Count 6)** shall be dismissed, as discussed below.

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

### Count 2 – Failure to Segregate Inmates

Plaintiff does not indicate that he has suffered any harm due to the Defendant's policy of housing rival gang members together, or of mixing mental health patients with other inmates. These practices do not violate the Constitution in and of themselves. While "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), not all instances of inmate-on-inmate violence raise

constitutional concerns. Plaintiff does not say that he has been attacked, nor does he claim that he was the target of any specific threat or that he requested protection from any prison official. This claim shall be dismissed with prejudice.

**Count 3 – Lack of Staff Monitoring**

As with Count 2, Plaintiff does not claim to have been harmed by the alleged failure of prison staff to check his housing unit each time a fire alarm goes off. Similarly, his complaint that the night-shift guards sleep on their shift and do not conduct rounds properly, is not connected to any injury suffered by Plaintiff, nor does he explain how this practice may present a risk to his safety. This laundry list of complaints does not rise to the level of a constitutional violation; Count 3 shall be dismissed with prejudice.

**Count 4 – Opening of Legal Mail**

An inmate's legal mail is entitled to protection because of the potential for interference with his right of access to the courts. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Prison officials may violate an inmate's rights if they open clearly marked legal mail outside of the inmate's presence. *See Wolff v. McDonnell*, 418 U.S. 539, 577 (1974). However, an isolated incident or inadvertent opening of legal mail is insufficient to state a constitutional claim. *See Rowe*, 196 F.3d at 782; *Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987).

In the instant complaint, Plaintiff states only that "legal mail [is] open[ed] by staff without the presence of Inmates" (Doc. 1, p. 5, ¶ 5). He does not say when or how often this has occurred, nor does he indicate whether any of his own legal mail was opened. This statement is too vague and general for the Court to conclude that a constitutional violation has occurred. Because Plaintiff fails to state a claim, Count 4 shall be dismissed with prejudice.

**Count 5 – Denial of Grievance Forms**

The Court does not condone the alleged failure of prison officials to make grievance forms available to inmates. However, this practice does not implicate any constitutional right. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that Defendant raises a challenge to Plaintiff's right to maintain a § 1983 suit over the issues outlined in his complaint. However, prison officials' failure to comply with the grievance procedure does not give rise to an independent constitutional claim. Count 5 shall be dismissed with prejudice.

**Count 6 – Federal Tort Claims Act**

The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. The only named Defendant herein, Vienna Warden Randy Davis, is a state official. The same would be true of any other Vienna employee. Therefore, Plaintiff's claim does not fall within the jurisdiction of the FTCA. Count 6 shall be dismissed with prejudice.

**Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (Doc. 2)**

Plaintiff has filed a motion for leave to proceed IFP, and has submitted an affidavit stating that he has no employment, has received no income for the last twelve months, and has no assets or cash on hand. However, he has not tendered a complete certified copy of his inmate

trust fund account statement. The Court has Ordered Plaintiff to file a certification completed by the Trust Fund Officer at Vienna Correctional Center and a copy of his trust fund account statement (Doc. 7). The certification forms were mailed to Plaintiff and to the Trust Fund Officer at Vienna. Subsequent to that Order, however, Plaintiff informed the Court he has been transferred to Big Muddy Correctional Center.

As previously ordered, Plaintiff **SHALL SUBMIT** to the Clerk of Court, **no later than December 5, 2013**, the enclosed certification completed by the Trust Fund Officer at Vienna Correctional Center (where he was confined at the time he filed this action) and a copy of his trust fund account statement (or institutional equivalent) for the period from February 1, 2013 through August 27, 2013. Failure to do so will result in dismissal of this action for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). After this financial information is received, the Court shall rule on the motion for leave to proceed IFP.

The Clerk is **DIRECTED** to mail a copy of this Order and the certification form to Plaintiff at his new address.

**Disposition**

**COUNTS 2, 3, 4, 5, and 6** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendant **DAVIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 7), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk

within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** November 12, 2013

                                                s/ G. Patrick Murphy
                                                G. PATRICK MURPHY
                                                United States District Judge